**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOSEPH KVASNE,** | ) | **CASE NO. 1:08CV2019** |
| | ) | |
| **Petitioner,** | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **TERRY COLLINS, Director, DRC,** | ) | **MEMORANDUM OPINION** |
| ***et al.*,** | ) | **AND ORDER** |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

This matter is before the Court upon a petition for a writ of habeas corpus filed by Joseph Kvasne ("Petitioner"), pursuant to 28 U.S.C. § 2254. (Dkt. # 1).

On August 20, 2008, this case was automatically referred to Magistrate Judge Kenneth S. McHargh for preparation of a Report and Recommendation, pursuant to 28 U.S.C. § 636 and LR 72.1. On March 12, 2010, the Magistrate Judge issued a Report and Recommendation, ("R&R"), recommending that the Court grant in part and deny in part the instant petition. (Dkt. # 14). The Magistrate Judge recommended that the petition should be granted on Petitioner's double jeopardy claim (Claim One), but denied on Petitioner's federal due process claim related to his conviction for abduction as a lesser included offense of kidnapping (Claim Two).

The parties have timely filed objections to the Magistrate's R&R. (Dkt. # 17, 18). Petitioner has also filed a Reply to Respondent's objections. (Dkt. # 19).

## I. PETITIONER'S OBJECTIONS

In his first objection, Petitioner asserts that the Magistrate Judge "erred by holding that raising ineffective assistance of counsel in a memorandum in support of jurisdiction in the Ohio Supreme Court is insufficient to exhaust the claim." (Dkt. # 17 at 1). Petitioner misreads the Magistrate Judge's R&R on this point. In determining whether Petitioner's due process claim had been procedurally defaulted, the Magistrate Judge considered the argument that the default should be excused due to ineffective assistance of counsel. As part of such inquiry, the Magistrate Judge was required to ascertain whether the ineffective assistance claim had itself been procedurally defaulted. After examining the relevant law as set forth by the Ohio Supreme Court, the Magistrate Judge found that an ineffective assistance claim may be properly presented to the state courts at the "earliest opportunity" either in an appeal to the Supreme Court of Ohio or in a Rule 26(B) application to reopen an appeal filed within 44 days of the appellate judgment. (Dkt. # 14 at 11-14). The Magistrate Judge further noted that where the claim is presented in a motion seeking a discretionary appeal to the Ohio Supreme Court, but the court declines to exercise jurisdiction or otherwise does not address the claim, no ruling on the merits has occurred. (Dkt. # 14 at 15-16 (citing State v. Davis, 894 N.E.2d 1221, 1222 (2008))).

Accordingly, the Magistrate Judge found as follows:

> Kvasne did attempt to raise ineffective assistance of appellate counsel as the third proposition of law in his appeal to the Supreme Court of Ohio. The court declined to address that issue, thus the Ohio courts never considered his claim on the merits, and the court will consider that issue.

(Dkt. # 14 at 16). Though not explicitly stated, the Magistrate Judge thus determined that the ineffective assistance claim had not been procedurally defaulted. The Magistrate Judge then undertook an examination of the merits of the claim and found that Petitioner had not demonstrated that counsel was ineffective for failing to present the due process argument related to Petitioner's conviction on the lesser included offense. (Dkt. # 14 at 16-18). Accordingly, the Magistrate Judge concluded that Petitioner had failed to establish ineffective assistance as cause for his procedural default of the underlying due process claim.

Because Petitioner's first objection is based upon the incorrect assertion that the Magistrate Judge found that Petitioner's ineffective assistance claim was itself procedurally defaulted, the objection is without merit. It is, therefore, overruled.

Petitioner's second and third objections are closely related. He first objects to the Magistrate Judge's finding that Petitioner has failed to show that the state violated his constitutional right to due process in convicting him for abduction as a lesser included offense of kidnapping. Because he believes his constitutional rights were violated by such a conviction, Petitioner then objects to the Magistrate Judge's finding that trial and appellate counsel were not ineffective for failing to present the federal due process claim on appeal. (Dkt. # 17 at 7).

In evaluating Petitioner's due process claim, the Magistrate Judge found that Petitioner had presented "no authority for the proposition that a conviction on a (disputed) lesser-included offense violates due process." (Dkt. # 14 at 10). Citing Engle v. Isaac, 456 U.S. 107, 121 n.21 (1982), the Magistrate Judge further noted that "[t]he

Supreme Court has rejected the argument that an alleged statutory misinterpretation of Ohio's criminal statutes creates a federal due process violation." (Dkt. # 14 at 10). Finding that Petitioner's due process claim was procedurally defaulted, however, the Magistrate Judge went no further in examining the merits of the claim.

A state prisoner must exhaust state remedies by fairly presenting federal claims to the state courts before seeking federal habeas corpus relief on such claims. Whiting v. Burt, 395 F.3d 602, 612-13 (6th Cir. 2005). That is, "a habeas petitioner must give the state courts the first opportunity to consider and rule upon the federal claims the prisoner wishes to use to attack his state court conviction." Picard v. Connor, 404 U.S. 270, 275 (1971). "A petitioner need not cite federal law 'book and verse' to fairly present a claim, but the factual and legal underpinnings of the claim must be presented as a federal claim to the state courts." Pudelski v. Wilson, 576 F.3d 595, 605 (6th Cir. 2009) (citations omitted).

In the instant matter, the Magistrate Judge correctly found that Petitioner had failed to present his challenge to the abduction conviction as a federal constitutional issue. The Sixth Circuit has noted four actions by a defendant which indicate that a federal claim has been fairly presented to the state courts:

> (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.

McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000) (citing Franklin v. Rose, 811 F.2d 322, 325-26 (6th Cir. 1987)). Petitioner took none of these actions in his state appeal. Rather, he relied solely on Ohio statutes and case law, none of which employed federal constitutional analysis. (Dkt. # 6-1, Ex. 9 at 20-21). Petitioner's brief did not contain the term "due process" or any other language which would have notified the appellate court that Petitioner was raising a federal constitutional issue.

In his brief before the Supreme Court of Ohio, Petitioner did attempt to present a constitutional argument, citing the Fourteenth Amendment and several United States Supreme Court cases which focused upon federal due process rights. (Dkt. # 6-2, Ex. 12 at 6-7). This was insufficient, however, as "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, (1999). Ohio law requires that a claim be presented to the intermediate appellate court before it can be raised in the Supreme Court of Ohio. State v. Jester, 512 N.E.2d 962, 970 (Ohio 1987). Where a defendant fails to raise a claim in the appellate court, the claim is barred by Ohio's *res judicata* rule, which is an independent and adequate state procedural bar, thus foreclosing federal habeas relief on the claim. Eley v. Bagley, 604 F.3d 958, 964-65 (6th Cir. 2010). Thus, in the instant matter, Petitioner's failure to raise his due process claim before the Court of Appeals barred him from raising it for the first time in the Supreme Court of Ohio, precluding that court from having a full and fair opportunity to consider the claim. Accordingly, the claim was not fairly presented to the state courts for purposes of federal habeas review.

Petitioner argues, however, that the procedural default of his due process claim should be excused because his trial and appellate counsel were ineffective for failing to raise the claim before the state courts. The Magistrate Judge rejected this argument, finding that counsel was not ineffective for failing to raise the due process claim because the claim was not clearly stronger than the arguments counsel did present on appeal. (Dkt. # 14 at 17-18). Petitioner now objects to the Magistrate Judge's finding on the issue, arguing that counsel's failure to raise a federal constitutional claim constituted ineffective assistance.

"In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750-51 (1991). Constitutionally ineffective assistance of counsel can serve as cause to overcome procedural default. Deitz v. Money, 391 F.3d 804, 809 (6th Cir. 2004). As the Magistrate Judge determined, Petitioner's ineffective assistance claim was not itself procedurally defaulted and, thus, may serve as cause for the procedural default of his due process claim. (Dkt. # 14 at 16).

Whether Petitioner's ineffective assistance argument will serve to excuse his procedural default on the due process claim depends largely upon the merits of the due process claim itself. Because appellate counsel is not required to raise every non-frivolous issue on appeal, Jones v. Barnes, 463 U.S. 745, 750-54 (1983), Petitioner's

counsel would not be deemed ineffective unless the due process argument was clearly stronger than those counsel did present, Coleman v. Mitchell, 268 F.3d 417, 430 (6th Cir. 2001) (quoting Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986)). Typically, tactical decisions as to which issues should be addressed on appeal are properly left to the sound professional judgment of counsel. United States v. Perry, 908 F.2d 56, 59 (6th Cir. 1990).

Petitioner asserts that the state courts violated his constitutional right to procedural due process by convicting him of abduction as a lesser included offense of kidnapping despite clear state law precluding such a conviction, as established by the Supreme Court of Ohio. (Dkt. # 1 at ¶¶ 12-16). In order to establish a procedural due process violation, Petitioner must show "(1) that [he] was deprived of a protected liberty or property interest, and (2) that such deprivation occurred without the requisite due process of law." Club Italia Soccer & Sports Organization, Inc. v. Charter Township of Shelby, Michigan, 470 F.3d 286, 296 (6th Cir. 2006).

First, it is well-settled that a liberty interest protected by the Due Process Clause of the Fourteenth Amendment "may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (citations omitted). The Supreme Court has recognized that certain interests exist "which are difficult of definition but are nevertheless comprehended within the meaning of either 'liberty' or 'property' as meant in the Due Process Clause." Paul v. Davis, 424 U.S. 693, 711 (1976). Such interests "attain…constitutional status by virtue of the fact that they

have been initially recognized and protected by state law, and [the Supreme Court has] repeatedly ruled that the procedural guarantees of the Fourteenth Amendment apply whenever the State seeks to remove or significantly alter that protected status." Id.

Petitioner argues that based upon the decision of the Ohio Supreme Court in State v. Barnes, 759 N.E.2d 1240 (Ohio 2002), the state created a liberty interest in being free from conviction on a lesser included offense except where "the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed." Barnes, 759 N.E.2d at 1246 (citing State v. Deem, 533 N.E.2d 294 (Ohio 1988)). The liberty interest Petitioner attempts to assert is more properly understood as the right to notice of the charges against him. This is not a state-created liberty interest, but one which the Sixth Amendment to the federal Constitution directly confers. Cole v. Arkansas, 333 U.S. 196, 201 (1948) ("No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal.").

Counsel for Petitioner did argue on appeal that Petitioner's abduction conviction should be reversed because abduction is not a lesser included offense of the charged offense of kidnapping. (Dkt. # 6-1, Ex. 9 at 20-21). In making that argument, counsel relied entirely on Ohio statutes and case law, and did not present a federal due process argument. Counsel's failure to raise a federal claim, however, did not rise to the level of ineffective assistance.

First, the Court notes that there remains a split in Ohio courts as to whether abduction is a lesser included offense of kidnapping. See State v. Breeden, No. 84663, 2005 WL 315370 (Ohio App. 8 Dist. 2005) (noting the conflict); State v. Mohn, No. CA2008-06-073, 2009 WL 243088, *4 n.3 (Ohio App. 12 Dist. 2009) (noting that abduction is not a lesser included offense of kidnapping); State v. Morgan, No. 81508, 2004 WL 2677456, *2 (Ohio App. 8 Dist. 2004) (under statutory elements test required by Ohio Supreme Court, abduction cannot be a lesser included offense of kidnapping); but see State v. Olobatuyi, No. 90995, 2009 WL 205361 (Ohio App. 8 Dist. 2009) (affirming conviction for abduction as lesser included offense of kidnapping); State v. Kroesen, No. 00AP-48, 2000 WL 1715764, at *3 (Ohio App. 10 Dist. 2000) (recognizing that abduction is a lesser included offense of kidnapping). Based upon the split of authority, and without any Ohio Supreme Court ruling directly resolving the conflict, Counsel for Petitioner adequately presented relevant Ohio authority in support of his state law argument regarding the lesser included offense of abduction.

Next, the Court is not aware of any Ohio case that has examined the issue of lesser included offenses under state law through the lens of federal due process. Though the Ohio Supreme Court has recognized in general terms that standards for defining lesser included offenses are rooted in the notice requirement of the Sixth Amendment, State v. Kidder, 513 N.E.2d 311, 316 (Ohio 1987); State v. Deem, 533 N.E.2d 294, 299 (Ohio 1988), it has crafted and applied those standards purely in terms of state law, without any discussion of federal due process. See State v. Kuchmak, 112 N.E.2d 371 (Ohio 1953) (first announcing statutory elements test); State v. Hreno, 122 N.E.2d 681 (Ohio 1954);

State v. Wilkins, 415 N.E.2d 303 (Ohio 1980); State v. Maurer, 473 N.E.2d 768 (Ohio 1984); Kidder, 513 N.E.2d at 313-16; Deem, 533 N.E.2d 294; Barnes, 759 N.E.2d 1240; Shaker Heights v. Mosley, 865 N.E.2d 859 (Ohio 2007); State v. Smith, 884 N.E.2d 595 (Ohio 2008); State v. Fairbanks, 885 N.E.2d 888 (Ohio 2008); State v. Trimble, 911 N.E.2d 242 (Ohio 2009); State v. Evans, 911 N.E.2d 889 (Ohio 2009). Thus, it is hardly apparent that a novel federal due process claim would have been clearly stronger than the state law claim that counsel actually offered on appeal.

Finally, it is at least questionable whether a federal due process claim would have succeeded. Petitioner essentially argues that his abduction conviction resulted from either a constructive amendment or variance from his kidnapping indictment.

> A constructive amendment results when the terms of an indictment are in effect altered by the presentation of evidence and jury instructions which so modify essential elements of the offense charged that there is a substantial likelihood that the defendant may have been convicted of an offense other than the one charged in the indictment.

United States v. Smith, 320 F.3d 647, 656 (6th Cir. 2003). "The key inquiry is whether the defendant was convicted of the same conduct for which he was indicted." United States v. Robles-Vertiz, 155 F.3d 725, 729 (5th Cir. 1998). A constructive amendment is *per se* prejudicial and requires reversal of the resulting conviction. United States v. Hynes, 461 F.3d 951, 962 (6th Cir. 2006). By contrast, "[a] variance occurs when the proof introduced at trial differs materially from the facts alleged in the indictment." United States v. Hathaway, 798 F.2d 902, 910 (6th Cir. 1986) (quoting United States v. Beeler, 587 F.2d 340, 342 (6th Cir. 1978)). A variance results in reversal only where substantial rights of the defendant are affected, which requires a showing of "prejudice to

his ability to defend himself at trial, to the general fairness of the trial, or to the indictment's sufficiency to bar subsequent prosecutions." Hathaway, 798 F.2d at 911 (quoting United States v. Miller, 471 U.S. 130, 138 n.5 (1985)).

No constructive amendment occurred in the instant matter. Petitioner was convicted of the same conduct for which he was indicted. A conviction on a lesser included offense of the crime charged in an indictment does not constitute a constructive amendment. United States v. Martinez, 430 F.3d 317, 339-40 (6th Cir. 2005). The state trial court determined that Petitioner was guilty of abduction as a lesser included offense of kidnapping, and the state appellate court affirmed that determination. This Court acknowledges that the appellate court, by its own estimation, ruled in a matter contrary to that required by Supreme Court of Ohio precedent. Kvasne, 862 N.E.2d at 176 ("This court is cognizant that the Ohio Supreme Court has expressed a contrary viewpoint in State v. Barnes."). Any potential error on such grounds, however, is a matter of state law not cognizable in federal habeas proceedings and did not affect Petitioner's constitutional rights. Estelle v. McGuire, 502 U.S. 62, 67 (1990) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); Engle, 456 U.S. at 121 n.21 ("We have long recognized that a 'mere error of state law' is not a denial of due process") (citations omitted).

Nor did Petitioner's conviction for abduction constitute a prejudicial variance. The prosecution did not alter the theory of the crime from that stated in the indictment or present any material facts at trial which differed from those contained in the indictment. Moreover, Petitioner has not shown prejudice which would require reversal even if a

variance had occurred. Petitioner had notice of the specific conduct with which he was charged and claims no prejudice to his ability to defend against the charges at trial. Additionally, a conviction on a lesser included offense bars future prosecution for the greater offense charged in the indictment. Brown v. Ohio, 432 U.S. 161, 167-68 (1977); State v. Tolbert, 573 N.E.2d 617 at ¶1 of syllabus (Ohio 1991).

Based upon the foregoing, Petitioner has failed to demonstrate ineffective assistance of counsel as cause for the procedural default of his federal due process claim regarding his conviction for abduction as a lesser included offense of kidnapping. Accordingly, Petitioner's second and third objections to the Magistrate Judge's R&R are without merit and are hereby overruled. The Court hereby ADOPTS the Magistrate Judge's recommendation with respect to Claim Two of the instant petition.

**II. RESPONDENT'S OBJECTIONS**

Respondent objects to the Magistrate Judge's determination with respect to Claim One of the instant petition, that a trial on the domestic violence count of the state court indictment is prohibited by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. The Magistrate Judge recommended granting habeas relief on this claim, finding that Petitioner had already once been put in jeopardy on the domestic violence claim, and that "the essential result of the trial was favorable to him" on that charge. (Dkt. # 14 at 27). Respondent argues that the Magistrate Judge misapplied established Supreme Court law by relying on United States v. Jenkins, 420 U.S. 358 (1975), which Respondent argues has been expressly overruled.

The Court notes at the outset that Claim One of the instant petition is not cognizable under § 2254. Petitioner has never been "in custody pursuant to the judgment of a State court" on the domestic violence charge. See 28 U.S.C. § 2254(a). Rather, Petitioner is awaiting retrial on the domestic violence charge, the state appellate court having reversed the decision of the trial court on that count and remanded the matter for further proceedings. Kvasne, 862 N.E.2d at 180-81. Therefore, Claim One is properly treated as a claim brought pursuant to 28 U.S.C. § 2241(c). See Stringer v. Williams, 161 F.3d 259, 261-62 (5th Cir. 1998); Palmer v. Clarke, 961 F.2d 771, 772 (8th Cir. 1992); Jacobs v. McCaughtry, 251 F.3d 596, 597 (7th Cir. 2001) (per curiam); McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003). Additionally, though Petitioner is presently on pretrial release rather than in the physical custody of the state, he nevertheless satisfies the "in custody" requirement of § 2241. Justices of Boston Municipal Court v. Lydon, 466 U.S. 294, 300-01 (1984) (Petitioner on pretrial release pending retrial satisfied custody requirement of habeas statutes); see also Jones v. Cunningham, 371 U.S. 236, 239 (1963) (recognizing that "the use of habeas corpus has not been restricted to situations in which the applicant is in actual, physical custody"). Finally, the Court need not wait until completion of the state retrial before ruling on the merits of his double jeopardy claim. Klein v. Leis, 548 F.3d 425, 430 n.2 (6th Cir. 2008); see also Benson v. Superior Court, 663 F.2d 355, 358 (1st Cir. 1981).

As to the merits of Respondent's objections, the Court first recognizes that Jenkins was expressly overruled by United States v. Scott, 437 U.S. 82, 100-01 (1978). The Supreme Court in Scott believed it had "pressed too far in Jenkins," and scaled back its

determination of the reach of the Double Jeopardy Clause. Specifically, the Scott Court held that double jeopardy does not prevent a government appeal, and thus potential retrial, "where the defendant himself seeks to have the [original] trial terminated without any submission to either judge or jury as to his guilt or innocence." Id. at 101. The Court thus abandoned the principle announced in Jenkins that such an appeal is barred whenever "further proceedings of some sort, devoted to the resolution of factual issues going to the elements of the offense charged" would be required upon remand. Jenkins, 420 U.S. at 370. In short, Scott retreated from the notion that the Double Jeopardy Clause precludes any further factfinding proceeding upon remand once jeopardy has attached. To the extent that the Magistrate Judge relied upon Jenkins for this point of law, the Court hereby declines to adopt the reasoning of the Magistrate Judge's R&R with respect to Claim One.

Nevertheless, the Court finds that the Magistrate Judge's conclusion with respect to Claim One was correct. It is beyond argument that jeopardy had attached at the time the trial proceedings were terminated as to the domestic violence count against Petitioner. "This state of jeopardy attaches when a jury is empaneled and sworn, or, in a bench trial, when the judge begins to receive evidence." United States v. Martin Linen Supply Co., 430 U.S. 564, 569 (1977) (citing Illinois v. Somerville, 410 U.S. 458, 471 (1973) (White, J., dissenting)). In the instant matter, all of the evidence had been presented and all that was left was for the trial court to announce its verdict. Thus, jeopardy having attached, the sole question with respect to Petitioner's double jeopardy claim is whether the

manner in which the trial court terminated the proceedings on the domestic violence count constituted an acquittal and thus precluded retrial on that count.

As the Magistrate Judge noted, the trial court's own pronouncements regarding its treatment of the domestic violence count were unclear. First, the trial court stated "[p]rior to announcing [its] verdict," that "the Court could enter a finding of not guilty on the domestic violence charge, as the trier of fact, given that the state failed to meet the burden, beyond a reasonable doubt, as to the elements of the offense of domestic violence." (Dkt. # 13-2, Transcript at 320). The trial court decided, however, that it could not do so because it was "the easy way out." (Dkt. # 13-2, Tr. at 321). The court then immediately stated:

> And while I do have to point out that the defense counsel did not adequately argue this point in any way, shape, or form, the Rule 29 motion, prior to the verdict being announced, this Court is ordering acquittal on the charge of domestic violence.
>
> The two people involved in this incident are, by no means, in any way, shape, or form, fitting the elements of that which is required for domestic violence.
>
> These two people were not domestic partners. They were not even household members under the definition of household members, as far as the domestic violence law is concerned.

(Dkt. # 13-2, Tr. at 321). Shortly thereafter, the court stated, "count one of this indictment is dismissed by the Court, prior to announcing its verdict." (Dkt. # 13-2, Tr. at 322). Finally, the trial court's journal entry stated, "Count(s) 1 is/are nolled." (Dkt. # 6-1, Ex. 5).

The state appellate court, noting that "the court speaks only through its journal entry," found that the trial court intended to dismiss the charge rather than to order an

acquittal. Kvasne, 862 N.E.2d at 176. The Supreme Court has stated, however, that "what constitutes an 'acquittal' is not to be controlled by the form of a judge's action." Martin Linen, 430 U.S. at 571; Scott, 437 U.S. at 96 (quoting United States v. Jorn, 400 U.S. 470, 478 n.7 (1971) ("[T]he trial judge's characterization of his own action cannot control the classification of the action.")). Instead, courts "must determine whether the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged." Jorn, 400 U.S. at 478 n.7. In the instant matter, the Court finds that the substance of the trial court's termination of proceedings on the domestic violence count constituted an acquittal.

The trial court in the instant matter stated that it "could enter a finding of not guilty" because the state had "failed to meet the burden, beyond a reasonable doubt, as to the elements of the offense of domestic violence." (Dkt. # 13-2, Tr. at 320); see Martin Linen, 430 U.S. at 571-72. Similarly, in Martin Linen, the District Court expressed its view that "the Government [had] failed to prove the material allegations beyond a reasonable doubt" and that "defendant should be found not guilty." Id. at 572. The Supreme Court found it significant that the District Court had "evaluated the Government's evidence and determined that it was legally insufficient to sustain a conviction." Id. For purposes of deciding the effect of the trial court's treatment of the domestic violence count in the instant matter, the Court finds the determinative facts of Martin Linen substantially similar.

Arguing that the Magistrate Judge erroneously relied upon Jenkins in reaching his conclusion on Claim One, Respondent asks the Court instead to adhere to the Supreme

Court's decision in Scott. Respondent cites State v. Calhoun, 481 N.E.2d 624 (Ohio 1985), as an example of a case that correctly applied Scott. Calhoun is distinguishable from the instant matter. In that case, the trial court dismissed the indictment after only two witnesses had testified, finding that the statute under which the defendant was charged was unconstitutionally vague. Id. at 627-28. Significantly, the trial court "did not terminate [the] proceedings on the ground that the prosecution's case was factually insufficient." Id. at 627. Retrial was not barred by the Double Jeopardy Clause because "the dismissal was the result of a good-faith trial-type error of the presiding judge," rather than a determination that the state had failed to prove the elements of the offense charged. Id. at 628.

In the instant matter, however, the trial court had heard all of the evidence prior to making its ruling with respect to the domestic violence count. The court's termination of the proceedings with respect to that count was not based upon some defect in the statute underlying the charge, constitutional or otherwise. Rather, the court, as the trier of fact, specifically stated that the evidence presented by the state had failed to prove an element of the offense, namely the statutorily required relationship between Petitioner and the victim. (Dkt. # 13-2, Transcript at 320). It is unclear why, after making such a finding, the court felt it could not enter a finding of not guilty, which it deemed "the easy way out." (Dkt. # 13-2, Tr. at 321). Nevertheless, the substance of the court's ruling was a factual determination based upon the sufficiency of the state's evidence. The validity of that determination is immaterial for double jeopardy purposes. See Arizona v. Washington, 434 U.S. 497, 503 (1978) ("[A]n acquitted defendant may not be retried

even though 'the acquittal was based upon an egregiously erroneous foundation.'" (quoting Fong Foo v. United States, 369 U.S. 141, 143 (1962)).

The Supreme Court in Scott, finding that an appeal by the government was not barred in that case by the Double Jeopardy Clause, noted the general principle that the government should not be allowed multiple attempts to convict an individual for the same offense, but stated:

> [T]hat situation is obviously a far cry from the present case, where the Government was quite willing to continue with its production of evidence to show the defendant guilty before the jury first empaneled to try him, but the defendant elected to seek termination of the trial on grounds unrelated to guilt or innocence. This is scarcely a picture of an all-powerful state relentlessly pursuing a defendant who had either been found not guilty or who had at least insisted on having the issue of guilt submitted to the first trier of fact. It is instead a picture of a defendant who chooses to avoid conviction and imprisonment, not because of his assertion that the Government has failed to make out a case against him, but because of a legal claim that the Government's case against him must fail even though it might satisfy the trier of fact that he was guilty beyond a reasonable doubt.

Scott, 437 U.S. at 96. By contrast, in the instant matter, Petitioner did not "seek termination of the trial on grounds unrelated to guilt or innocence," or choose "to avoid conviction and imprisonment…because of a legal claim that the Government's case against him must fail even though it might satisfy the trier of fact that he was guilty beyond a reasonable doubt." Id. Instead, as Respondent concedes, "the trial court appears to have initiated the dismissal of its own accord,"[1] (Dkt. # 18 at 5), and the court's ruling was based upon its determination that the state had failed to prove

[1] Petitioner did move for acquittal pursuant to Rule 29 at the close of the government's case. That motion was denied. At the verdict phase of the trial, the court referred to the Rule 29 motion, but it appears that such motion was not the impetus for the court's ruling with respect to the domestic violence charge. (Dkt. # 13-2, Tr. at 321).

Petitioner guilty of domestic violence beyond a reasonable doubt. Thus, application of the principles of Scott to the instant matter leads this Court to the conclusion that the trial court's ruling with respect to the domestic violence count constitutes an acquittal for purposes of the double jeopardy analysis.

For the foregoing reasons, retrial of Petitioner on the domestic violence count of the indictment would violate the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. Petitioner is thus entitled to habeas relief pursuant to 28 U.S.C. § 2241(c)(3).

Accordingly, the Court hereby ADOPTS the Magistrate Judge's recommendation that habeas relief be granted with respect to Claim One of the instant petition.

**III. CONCLUSION**

The Court has reviewed the report and recommendation of the Magistrate Judge *de novo*. The Report and Recommendation of Magistrate Judge McHargh is hereby **ADOPTED**, except as noted in Part II above. (Dkt. # 14). Petitioner's petition for a writ of habeas corpus is **GRANTED** with respect to Claim One, and **DENIED** with respect to Claims Two and Three. (Dkt. # 1). The Cuyahoga County Court of Common Pleas is instructed to dismiss with prejudice the domestic violence count of the indictment against Petitioner in Case No. CR 463205.

Finally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

**/s/ Peter C. Economus – August 10, 2010**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**